## KENNEY, RECEIVER, v. BEVILHEIMER ET AL.

[No. 19,843.  Filed May 27, 1902.]

PLEADING.—*Conditions Precedent.*—The rules of code pleading permit a party to show performance of conditions precedent by specific averments as well as by a general allegation.  *p. 655.*

SALE.—*Breach of Warranty.—Answer.*—In an action on a note given for machinery, an answer setting up a warranty is not bad because it shows that defendant continued to use the machine after time given for trial, where it is expressly averred that such use was authorized by the sellers.  *p. 656.*

SAME.—*Breach of Warranty.—Answer.*—In an action on a note for machinery, an averment in an answer setting up a breach of warranty, that on account of the defects the machine was not worth more than $400, which amount had been paid on account of its purchase, is a sufficient averment as to the damages sustained.  *p. 656.*

SAME.—*Contract of Sale.—Conditions.—Presumptions.*—In a contract for the sale of machinery, the stipulations that the makers of the notes to be given in payment would give a mortgage on delivery, and pay the freight to the place of delivery, must be presumed to have been waived by the sellers, or complied with by the makers of the notes.  *p. 656.*

SAME.—*Conditional Sale.—Retention of Property by Purchaser.*—The retention of a machine purchased with warranty after it was found to be defective and after attempted repairs by the seller will not bind the purchaser, where the purchaser acted upon the request of the seller's agent, who promised that it should be made to work. *pp. 657, 658.*

From Hamilton Circuit Court; *J. F. Neal*, Judge.

Action by Edward T. Kenney, receiver of C. Aultman & Company, against Spencer G. Bevilheimer and others

on a promissory note. From a judgment in favor of defendants, plaintiff appeals. Transferred from the Appellate Court, under §1337u Burns 1901. *Affirmed.*

*G. Shirts* and *W. R. Fertig,* for appellant.
*E. F. Daily,* for appellees.

DOWLING, C. J.—Action upon a promissory note executed by appellees, Spencer G. and Thomas M. Bevilheimer and Sylvester Kirk. The other appellee, Kendall, was charged with liability for its payment upon an alleged agreement between him and the Bevilheimers. The consideration of the note, as shown by its face, was the sale by C. Aultman & Co. of a "separator and stacker" to the makers. A receiver for C. Aultman & Co. was appointed, and was authorized to bring suit. Answer by the appellees, excepting Kendall, in three paragraphs; the first of which was a denial; the second a plea of payment; and the third a special defense of a warranty, a breach, and resulting damage. Kirk and Kendall filed separate answers, but no question is made upon them. Demurrer of appellant to third paragraph of answer of the makers of the note overruled. Reply in denial. Trial by jury. General verdict for appellees, with answers to questions of fact. Motions by appellant for judgment in his favor on the answers to such questions. Motions overruled, and judgment for appellees on the verdict. Errors are assigned upon the ruling on the demurrer to the third paragraph of the answer and on the refusal of the court to render judgment for the appellant on the answers of the jury.

The defense set up in the third paragraph of the answer was founded upon a written warranty that the "separator and stacker" for which the note was given was made of good materials; that it was well constructed; and that, with proper use and management, it would *do as good work as any* other machine of the same size and rated capacity, made for the same purpose. The warranty is properly

pleaded, a breach of each of its covenants is averred, and the damages resulting from the breach are sufficiently stated.

Appellant contends, however, that the pleading is bad because of the omission of a general allegation of performance by the appellees of the conditions of the contract on their part. Where an action or defense rests upon a contract containing mutual obligations, the general rule is that the party asserting a right under the contract must allege that he performed, was ready to perform, or was excused from performing the conditions imposed on him. At common law the party was required to show precisely what acts he had done in the performance of such conditions. The code authorizes a general allegation that the party has performed all the conditions on his part. §373 Burns 1901. But the rules of code pleading permit a party to show performance of conditions precedent by specific averments as well as by a general allegation. That was done in this case. That part of the agreement between the parties which is designated in the instrument as the warranty expressly states what acts or omissions of the vendees shall defeat its obligations. Failure of the vendees to pay for the machinery according to the contract; neglect to give notice of the defects or inefficiency of machine; refusal to render assistance to the vendors or their agents in their efforts to repair the machine or to make it work; retaining the machine after six days from its first trial and use without notice of defects or dissatisfaction; and abuse of the machine committed or suffered by vendees, operated to release the vendors from their warranty. The third paragraph of the answer specifically avers performance by the makers of the note of every material condition of the agreement on their part, or sets out a sufficient excuse for their failure to comply with such conditions. Wherever it alleges that the makers of the note acted upon an agreement with the agent or agents of the vendors, it also states that such agreements were afterwards brought to the notice of the vendors, and were ratified by

them.   While the answer does not in terms aver that the notices to the vendors were given, and that the agents sent by them to work upon the machine were sent before the appointment of a receiver, we think it fairly inferable that such was the fact.

Nor is the answer defective because it shows that the purchasers continued to use the machine after the six days allowed for trial.   Such continued use is expressly alleged to have been authorized by the vendors through their ratification of the agreements of their agents.   The averment as to the amount of damages sustained by the makers of the note, by reason of the defective character of the machine and the breach of the warranty, although not precise, is sufficient.   It is charged that, on account of its defects, the machine was not worth more than the $400 which had been paid on account of its purchase by the makers of the note.

The stipulations that the makers of the note would, at the time and place of delivery of the machine, give, as security for the payment of the notes executed for the purchase money, a first mortgage on the machine sold to them, and that they would pay the freight from the factory to the place of delivery, must be presumed to have been waived by the vendors, or complied with by the makers of the note.   It appears from the pleadings that the machine was delivered without objection; that the notes called for by the contract were executed by the purchasers of the machine; that all of these notes, excepting the last, were duly paid as they became due; and that the machine remained in the possession of the makers of the notes as their property from the date of its delivery until the bringing of the suit.   The time at which the mortgage was to have been executed and the freight paid long since passed.   This suit was brought to collect the last note.   Nothing was said in the complaint in regard to a mortgage, and the appellant asserted a claim to nothing more than the amount of the note, interest, and attorney's fees.   The subsequent conduct of the vendors and

of their receiver is inconsistent with the supposition that a breach of the condition as to the execution of a mortgage and the payment of freight on the machine occurred.

The averments of the third paragraph sufficiently show a contract of warranty, performance of a part of the conditions by the makers of the note, a legal excuse for their failure to perform the remaining conditions, a breach of the warranty by C. Aultman & Co., and damages to the appellees to the amount of the note sued on resulting from such breach. The court did not err in overruling the demurrer to this paragraph.

Appellant contends that he was entitled to judgment on the answers of the jury to the questions of fact addressed to them for the following reasons: (1) Because appellees continued to operate the machine after the vendors' agent had made repairs on it, without notice of the subsequent failure of the machine to do good work, as required by the terms of the warranty. (2) Appellees waived the warranty by the sale of the Bevilheimers' interest in the machine to Kendall. (3, 4) Appellees failed to give notice of the failure of the machine to work after new attachments and appliances had been added to it by the vendors. (5) Ten days after the machine was first tested and used, appellees wrote to the vendors that the "boys" pronounced it good. (6) The terms of the warranty were not complied with by appellees.

While the findings show that the appellees did retain the machine after it was found to be defective and unfit to do good work, and after the vendors had attempted to repair or perfect it, they also disclose the fact that in keeping the machine in their possession the appellees acted upon the request of the vendors' agents, who promised that it should be made to work, and that the act and promise of the agents were reported to and confirmed by the vendors.

The sale of the interest of the Bevilheimers in the machine was not a waiver of the warranty, nor did it affect

the liability of the vendors under their contract. The letter written by the appellees before the discovery of the defects of the machine did not deprive them of the benefit of the warranty, if it was afterwards found that the machine was imperfect. The answers of the jury show that the appellees performed some of the conditions of the warranty on their part, and that performance of the remainder was waived by the agents of the vendors, whose act and promise in this respect were afterwards ratified by their principal.

We find no error. Judgment affirmed.