## ELSBURY ET AL. *v.* SHULL.

[No. 4,569. Filed March 10, 1904.]

SPECIFIC PERFORMANCE.—*Complaint.*—A complaint in a suit for specific performance of a contract to convey land, where the land had been conveyed to another, is not bad for failing to aver that the grantee took her conveyance with knowledge of the fact that plaintiff had entered into an agreement to purchase the same, it being averred that grantee knew at the time of the conveyance that plaintiff was in possession of the real estate, claiming it as his own, and that she took it subject to plaintiff's rights. *pp. 558, 559.*

SAME.—*Complaint.*—*Demand.*—In a suit for the specific performance of a contract to convey real estate on demand it is not necessary to allege that a demand was made of one who purchased the land after the contract in suit had been entered into, such subsequent purchaser having knowledge of plaintiff's possession and claim of ownership of the land. *p. 559.*

SAME.—*Complaint.*—*Parties.*—Where a complaint in a suit for specific performance of a contract alleged that the vendors, for the purpose of avoiding their agreement with plaintiff, pretended to convey the land in question to another, the vendors were necessary parties, though no damages were claimed nor any averment that vendors claimed any interest in the land adverse to plaintiff. *pp. 559, 560.*

SAME.—*Complaint.*—Where a complaint for specific performance states facts showing the performance by plaintiff of all the conditions of the agreement to be by him performed, it is unnecessary to allege specifically that plaintiff has performed his part of the agreement. *p. 560.*

SAME.—*Parol Agreement.*—*Conveyance to Another.*—Grantor and his children inherited a tract of land supposed to contain thirteen and one-half acres, but which really exceeded that amount. Partition was had and two and one-half acres thereof set off to grantor, who conveyed the same to defendant. It was afterward

discovered that the conveyance did not include a certain strip of land as supposed, and grantor's children sold the said strip to plaintiff and agreed to convey the same to him upon demand and payment to each of them of a certain sum. Plaintiff took possession thereof and made improvements thereon. Defendant, with knowledge of the possession and claim of ownership by plaintiff, purchased the strip from such children, and received a deed therefor. *Held,* that the title so procured was ineffective as against plaintiff. *pp. 560, 561.*

From Hancock Circuit Court; *E. W. Felt,* Judge.

Suit by Lucian N. Shull against George Elsbury and others. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Ephraim Marsh* and *W. W. Cook,* for appellants.

*U. S. Jackson* and *R. L. Mason,* for appellee.

COMSTOCK, J.—The complaint in this action is in one paragraph, and avers, substantially, that on April 23, 1901, the appellants, other than Maggie Kemerly, together with Noah Elsbury, Joseph Elsbury, and Walter Elsbury, were the owners in fee simple, as tenants in common of a certain strip of real estate in said county, sixteen feet wide and twenty-six and two-thirds rods long; that on said day the appellee purchased said strip of land of said owners and thereupon went into immediate possession of the same under the provisions of said contract, and has remained in possession of the same under said contract of purchase since said date, and has made lasting improvements by erecting a fence along the east side of said strip; that a deed of conveyance for said strip was to be executed to appellee on demand and payment of the purchase money in the sum of $40; that on April 29, 1901, the appellee tendered to the appellants, George Elsbury and Clara Sewell, the sum of $8 each, and demanded a deed pursuant to said agreement, which was refused, and upon the filing of the complaint herein said sum was paid to the clerk of said Hancock circuit court for their use and benefit; that on April 30, 1901, said George Elsbury and wife and Clara

Sewell and husband, Joseph, for the purpose of evading their said agreement, pretended to convey the same to said Maggie Kemerly, and that said Maggie Kemerly knew at the time that appellee was in possession of said real estate, claiming it as his own; and that said Kemerly took her conveyance subject to appellee's rights. Prayer that appellants, George Elsbury, Clara Sewell, and Joseph Sewell, her husband, be compelled to execute to appellee a deed free from any claim or lien of Maggie Kemerly, or a commissioner be appointed to execute the same. To this complaint the appellants jointly and severally demurred, because the same failed to state facts sufficient to constitute a cause of action, which demurrer was overruled and excepted to. The cause was then put at issue by a general denial to the complaint. Upon request of appellants, the court filed a special finding of facts, with its conclusions of law drawn therefrom, to which appellants jointly and severally excepted. The court concluded, from the facts found, that the law was with the appellee, and that a commissioner ought to be appointed to execute to the appellee a conveyance for said real estate, and judgment was rendered accordingly.

Appellant Maggie Kemerly separately assigned errors, and in her first and second specification challenges the sufficiency of the complaint, and in her third states that the court erred in its conclusions of law stated upon the special findings of fact, and each of them, separately and severally. The appellants jointly and severally assigned the same specifications of error.

It is claimed that the complaint is insufficient as against the appellant Kemerly because it does not aver that she took her conveyance with knowledge of the fact that appellee Shull had entered into an agreement to purchase. The complaint does aver that she knew at the time of the conveyance that appellee was in possession of said real estate, claiming it as his own, and that she took it subject to

appellee's rights. Knowing of the possession, she can not be permitted to deny that she had notice of the title under which the possession was enjoyed. Waterman, Spec. Perf., §64; *Holmes* v. *Powell,* 8 De G., M. & G. 572.

It is further claimed that the complaint is bad, as to the appellant last named, because it does not aver that a demand was made upon her prior to the institution of the suit. No demand of her was necessary, although it is the general rule that where vendors contract to convey real estate upon demand, a demand is necessary before the commencement of the suit. In *Kirkham* v. *Moore,* 30 Ind. App. 549—a suit for specific performance of a contract to convey real estate in which a purchaser of the land after the commencement of the suit was made a party—this court held that the complaint need not allege a demand upon such purchaser for a deed. This holding was upon the ground that the purchase was with notice. Its reason is applicable to the question before us. The knowledge alleged of appellee's possession was notice of his equities. She took the real estate subject to appellee's claim, and she is in no better position than her grantors.

It is pointed out that there is no averment of damages in the complaint, or that George Elsbury or Clara Sewell claimed any right, title, or interest in the real estate adverse to the appellee, or any interest that was a cloud upon his title; that they were not, therefore, necessary parties, and, if proper parties, would only be liable for damages, having conveyed their supposed interest away. A complaint in a suit for specific performance not in the alternative, that is, for specific performance or for damages, is not insufficient for that reason, although we may concede that damages should be alleged, to warrant judgment therefor. The claim is made the premise of the proposition that, as said George Elsbury and Clara Sewell conveyed prior to the institution of the suit, specific performance can not be decreed against them. The complaint alleges that said de-

fendants, for the purpose of avoiding their said agreement, pretended to convey the said land in question. As no claim was made and no judgment for damages asked against either of the appellants they can not be heard to complain of the absence of such averment from the complaint; and the complaint, instead of averring a conveyance, characterizes the act of said appellants as a pretense—in effect, as fraudulent.

It is further claimed that the complaint is defective in failing to aver that the appellee performed on his part all the conditions of the agreement. The complaint, stating facts showing the performance of the conditions, renders the specific statement unnecessary. In *Johnson* v. *Pontious*, 118 Ind. 270, it is said: "A parol contract for the sale of real estate, the specific performance of which a court of equity will enforce, must be one that is complete and definite and must be just and fair in all its provisions." The complaint before us sets up such a contract, and is sufficient to withstand a demurrer.

The special findings show, among others, the following facts: John Elsbury and his children inherited from Francisca Elsbury a tract of land supposed to contain thirteen and one-half acres, but which really exceeded that amount, the excess constituting the strip in controversy. Partition was had, and two and one-half acres set off to John Elsbury, who sold and conveyed it to one Olvy, supposing at the time that the conveyance included the strip in dispute. Olvy conveyed by the same description to Mathew Kemerly, who thereafter conveyed to Maggie Kemerly, the appellant here. John Elsbury died in 1893. In 1901 his children and heirs made the contract referred to in the complaint, by which appellee, upon the payment of $8 to each of them, was to have a conveyance of said strip, the same being necessary to him as a way to and from his lands to a public highway from which he had no outlet; that, after said contract had been made, Maggie

Kemerly paid said heirs $10 apiece, and a conveyance of said strip was made by them to her. Appellee had, however, previous to said conveyance, taken possession of the said land under the provisions of said contract, and built and erected a post and wire fence along the east line of the same, with the knowledge and consent of all said heirs; and, at the time of said conveyance, Maggie Kemerly had knowledge of the use, possession, and improvement of said strip by said appellee as aforesaid. She now claims that it was the intention of John Elsbury to convey said strip, notwithstanding the same was not included in the description; that she is entitled to hold it as against his heirs and those claiming under them, as appellee does. She purchased two and one-half acres of land, and got it. She afterward purchased an adjacent strip from the heirs of John Elsbury by outbidding appellee whose proposition had been accepted and become binding upon the parties and the land. As against him, the title so procured was ineffective. The allegations of the complaint are specially found, and exceptions to the conclusions of law conceded that the facts upon which the conclusions are based are correctly found. In its conclusions of law the court did not err. *National State Bank* v. *Sanford Fork, etc., Co.*, 157 Ind. 10.

We have passed upon the controlling questions discussed. Appellee has done all in his power to fulfill the contract on his part. The specific execution of a contract is, in equity, a matter of sound discretion in the court. In the case before us it seems to have been properly exercised.

Judgment affirmed.