## KUPFRIAN PARK COMPANY *v.* RUNCIE.

[No. 7,370. Filed December 5, 1911.]

1. SALES.—*Commissions.—Contracts.—Complaint.*—A complaint alleging that the defendant contracted in writing to pay to the plaintiff a commission of ten per cent on all sales of defendant's real estate sold by plaintiff, that he made a sale of such real estate for one thousand dollars for which he is entitled to one hundred dollars, and that the defendant is indebted to him in the sum of one hundred dollars which is wholly unpaid, states a cause of action. p. 33.

2. CONTRACTS.—*Performance.—Complaint.*—A complaint on a contract may . allege generally, or specifically, the performance thereof. p. 34.

3. PLEADING.—*Complaint.—Demurrer.—Motion in Arrest.*—A complaint sufficient .to repel a demurrer will withstand a motion in arrest of judgment. p. 34.

From Superior Court Vanderburgh County; *Alexander Gilchrist,* Judge.

Action by Walter C. Runcie against the Kupfrian Park Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Frey, Welman & DeBruler,* for appellant.

*Elmer Q. Lockyear,* for appellee.

ADAMS, J.—Appellee, a real estate agent doing business under the firm name of W. C. Runcie & Co., entered into a written contract with appellant, wherein he agreed to act as appellant's agent, and assist said company in selling certain lots in Evansville, Indiana, platted and known as Kupfrian park. By the terms of the contract, appellee was to receive for his services ten per cent of all sales made through his agency. He was also to receive a bonus of five per cent on sales over $10,000, and a bonus of five per cent on all sales made through his agency, provided they amounted to $10,000.

The complaint sets out a copy of the contract, and alleges that by the terms thereof appellee was to receive for his services ten per cent of all sales made through his agency; "that there was made through the agency of the plaintiff, under said contract, a sale of real estate to Pitt Y. McCoy, in the sum of $1,000, and for which plaintiff is entitled, and defendant is indebted to plaintiff in the sum of $100, which amount is due and wholly unpaid."

A demurrer for want of sufficient facts was overruled to this complaint. Trial was by the court, and finding for appellee. Motion in arrest of judgment overruled, and judgment for appellee in the sum of $100.

It is contended that the complaint is insufficient to state a cause of action. It is challenged by a demurrer and by a motion in arrest of judgment. These are the only questions presented upon appeal.

It is urged that the complaint is bad, in that it contains no averment that plaintiff performed all the conditions re-

quired of him by the terms of his contract. There
2. is no merit in this contention. It is true that where
an action is brought upon a written contract, the
general rule requires the party asserting his right by virtue
of the contract to allege performance upon his part, or
such reason for nonperformance as will excuse him. Section
376 Burns 1908, §370 R. S. 1881, provides that in pleading
the performance of a condition precedent in a contract, it
is sufficient to allege generally that the party performed
all the conditions on his part. At common law a complain-
ing party was required to set out in detail the acts done by
him in the performance of the conditions of his agreement.
The rules of code pleading do not imperatively require that
general allegations as to performance shall be made, but
permit the use of specific allegations. *Elsbury* v. *Shull*
(1904), 32 Ind. App. 556; *Phenix Ins. Co.* v. *Wilson* (1892),
132 Ind. 449, 451; *Kenney* v. *Bevilheimer* (1902), 158 Ind.
653.

The complaint avers that appellee, under the terms of
said contract, made a sale of real estate for the sum of
$1,000, and is entitled to ten per cent thereof, or $100. It
does not appear that the contract was for any certain time,
nor was there any stipulation as to when commissions were
due. There was no provision as to the amount of real estate
appellee was to sell before being entitled to receive his com-
missions. It is, however, to be inferred that his commissions
were due on any amount sold by him, as it was provided that
a bonus of five per cent was to be given if the sales amounted
to $10,000. Appellee is not claiming a bonus, as the sales
made by him amounted to only $1,000. A cause of action is
clearly stated in the complaint, and there was no error in
overruling the demurrer.

The complaint being good when tested by demur-
3. rer, it follows that it is good as against a motion in
arrest of judgment.

The judgment is affirmed.