No. 14,391.

## THE PHENIX INSURANCE COMPANY OF BROOKLYN *v.* WILSON.

INSURANCE.—*Action on Policy.*—*Sufficiency of Complaint After Verdict.*— *Averment as to Ownership.*—*Performance of Condition.*—In an action on a policy of fire insurance, where the sufficiency of the complaint is not challenged until after the verdict has been returned, an allegation in the complaint that the plaintiff was the owner of the property at the time of its destruction by fire, is a sufficient allegation that he was the owner in fee of the real estate and the absolute owner of the personal property. Where the complaint alleged in detail a performance of the condition resting upon the assured, a general allegation of the performance was unnecessary.

SAME.—*Complaint.*—*Averment Concerning Proof of Loss.*—An allegation that the second day after the fire the plaintiff gave notice thereof in writing to the company at its office as by the policy provided, is sufficient after verdict to show that proofs of loss were duly furnished.

SAME.—*Interrogatories in Application.*—*Answers to.*—*Age and Value of Building.*—*Expression of Opinion.*—Where by the terms of a policy of fire insurance answers to interrogatories in the application are made warranties, answers as to the age and value of the building insured will be regarded as mere expressions of opinion.

From the Boone Circuit Court.

*J. McCabe* and *E. F. McCabe,* for appellant.

*B. S. Higgins* and *W. J. Darnell,* for appellee.

BERKSHIRE, C. J.—This action has for its foundation an insurance policy issued by the appellant to the appellee. The policy covered a certain dwelling-house in which the appellee resided, and certain personal property contained therein. Preliminary to the execution of the policy, the appellee executed and forwarded to the general office of the appellant, in Chicago, his application for insurance. The policy refers to an application in terms which make the two but one contract.

The appellant answered the complaint in three paragraphs,

the two first of which were affirmative answers, and the third the general denial.

The first and second paragraphs rest upon the theory that the answer of the appellant to each interrogatory contained in his " application," by the terms and conditions of the policy became and was a warranty, and if not an exact statement of the fact to which it related the policy was without virtue from the beginning.

The first paragraph in the answer rests upon an inaccuracy of statement in the answer made to the fourth interrogatory, and the second paragraph has for its foundation incorrectness of statement in the answer to the second interrogatory.

The answer to the fourth interrogatory fixed the value of the building insured at $700, and it is alleged in the first paragraph of answer that the real value was but $400.

The answer to the second interrogatory named ten years as the age of the building, and the second paragraph of answer avers that the building was twelve years old.

The appellee challenged each of these paragraphs of answer by demurrer, and the court overruling the same, he preserved his exception, and filed his reply. The cause was then submitted to a jury for trial who thereafter returned a special verdict, after which each party moved for judgment upon the verdict.

The court overruled the appellant's motion, and sustained the motion of the appellee and rendered judgment for the appellee, and the appellant saved the proper exceptions. Judgment was then rendered for the appellee. The errors assigned call in question the sufficiency of the complaint for the first time, the rulings of the court in refusing to render judgment for the appellant, and in rendering judgment for the appellee.

The objections made to the complaint are three in number: (1) There is no allegation of proof of loss, as required by the conditions of the policy. (2) It is not al-

leged that the appellee was the unconditional owner in fee of the real estate on which the building destroyed was located. (3) Nor is it alleged that the appellee performed the conditions of the contract on his part.

It is sufficient to say that we find no infirmity in the complaint that the verdict did not cure.

It is alleged in direct terms that the appellant was the owner of the property insured at the time of its destruction by fire. This averment can have no other construction than an averment of absolute ownership in the appellee. *Phœnix Ins. Co.* v. *Stark,* 120 Ind. 444; *Phœnix Ins. Co.* v. *Rowe,* 117 Ind. 202; *Traders Ins. Co.* v. *Newman,* 120 Ind. 554, and cases cited.

There is no allegation in general terms that the appellee performed all the conditions of the contract on his part (an oversight, no doubt), but such an allegation was wholly unnecessary if all these conditions and their performance were covered by specific allegations.

The promissory note which the appellee had executed to the appellant was not due when the loss occurred, and hence the only condition, precedent to a right of action, resting on the appellee was to furnish proofs of loss as required by the policy.

The fire occurred on the 20th of February, 1885, and it is alleged in the complaint that on the next day but one thereafter the appellee gave notice thereof in writing to the appellant company, at its Chicago office, as by the said policy provided. This is in effect an allegation that proofs were furnished as required by the policy.

We are inclined to the opinion that the complaint would have been good had its sufficiency been tested by demurrer, although not skilfully drafted, but as it is unnecessary to decide this question we leave it undecided. But see *Phenix Ins. Co.* v. *Golden,* 121 Ind. 524; *Phenix Ins. Co.* v. *Pickel,* 119 Ind. 155.

If the allegations in the complaint were not sufficiently

specific there should have been a motion to make them more specific.

Cross-errors have not been assigned, but it becomes proper for us to consider the sufficiency of the paragraphs of answer demurred to in reaching a conclusion as to the ruling of the court in sustaining the motion of the appellee and overruling the motion of the appellant for judgment upon the verdict of the jury.

Both paragraphs of the answer are bad, and the demurrer thereto should have been sustained; but in this connection it is due to the honorable judge who presided at the trial, and in the formation of the issues joined in the cause, that we state that the decisions of this court, with which our conclusion accords, had not been announced when the various rulings here involved were made and judgment rendered.

The cases to which we refer are: *Rogers* v. *Phenix Ins. Co.*, 121 Ind. 570; *Phenix Ins. Co.* v. *Pickel, supra; Pickel* v. *Phenix Ins. Co.*, 119 Ind. 291.

The influence of the cases cited can not be avoided, as they were actions upon policies issued by the appellant company upon applications substantially, if not identically, the same as the application here under consideration.

As the answers to interrogatories were mere expressions of opinion, and at most mere representations, it becomes wholly immaterial in this case whether the house was of greater age than stated or of less value than stated; and this being true, there can be no question as to the propriety of the court's ruling that the appellee was entitled to judgment upon the verdict of the jury.

We find no error in the record.

Judgment affirmed, with costs.

Filed Oct. 28, 1892; petition for a rehearing overruled Jan. 29, 1891.