SEEBASS et al. v. MUTUAL RESERVE FUND LIFE ASS'N.

(Circuit Court, D. New Jersey. October 25, 1897.)

1. PLEADING—ACTION ON CONTRACT—ANNEXATION OF COPY.
   In an action upon a contract of insurance, a copy of the policy on which the suit is founded, annexed to the declaration and referred to therein, thereby becomes a part of the record, under section 123 of the New Jersey practice act.

2. SAME—ASSIGNMENT OF BREACH.
   An assignment of a breach, in the words of the contract, when no question of law is involved, is good pleading.

This was an action at law by Therese M. Seebass and others against the Mutual Reserve Fund Life Association to recover on a contract insuring the life of Oscar Seebass. The case was heard on demurrer to a plea filed by the defendant.

Preston Stevenson, for complainants.
J. Frank Fort, for defendant.

KIRKPATRICK, District Judge. This action is brought upon a contract of insurance upon the life of one Oscar Seebass, and a copy of the policy upon which the suit is founded is annexed to the declaration, referred to therein, and thereby becomes a part of the record, under the 123d section of the New Jersey practice act. Harrison v. Vreeland, 38 N. J. Law, 366.

The declaration alleges that the insured "duly executed and performed all the covenants and conditions, matters and things, whatsoever, required to be performed by him under said contract." It appears by an inspection of the policy, which is made a part of the record, that one of the considerations of the contract was that the assured should pay all mortuary assessments at the office of the association within 30 days from the date of each notice, with the express condition that, if any stipulated payment should not be paid when due, then and in every such case the certificate should be null and void. The defendant, by its third plea, denies liability, by reason of the failure of the assured to pay a mortuary assessment levied in 1895, and the plea is as follows:

"And for a further plea to the said declaration the defendant, by like leave of the court first had and obtained," etc., "says that the plaintiffs ought not to have or maintain their aforesaid action thereof against it, because it says that after the making of the said contract, and during the continuance thereof, and during the lifetime of said Oscar Seebass in said declaration named, to wit, on the 1st day of August, 1895, at the city, county, and state of New York, a certain assessment or mortuary call, No. 81, and for the sum of forty-five dollars and thirty cents, was made by the said defendant upon the said Oscar Seebass, due notice whereof, dated on said last-mentioned date, was given by the said defendant to the said Oscar Seebass in the manner provided in said contract, and which said assessment or mortuary call was by the terms of said contract payable to said defendant within thirty days from the date of said notice, yet the said Oscar Seebass did not within the said period of thirty days pay to the said defendant the amount of said assessment or mortuary call, or any part thereof, although the said defendant was ready and willing to receive the same during all the time the same was payable, whereby and by reason whereof the said contract became null and void; and this the defendant is ready to verify," etc.

To this plea the plaintiffs demur, and allege for cause:

"That it does not legally appear that the plaintiffs' intestate was obligated by the contract of insurance to pay the mortuary call specified in the plea, and that by reason of such nonpayment the contract became null and void."

The plea demurred to alleges, in the language of the contract, noncompliance by the assured with one of its conditions. No more than this is required by the correct rules of pleading. An assignment of a breach, in the words of the contract, when no question of law is involved, is good. 1 Chit. Pl. 332. It is only necessary that the plea contain sufficient matter, which, if substantiated by proof, will sustain

defense. Dewees v. Insurance Co., 34 N. J. Law, 244. Whether the mortuary call in this case was properly made, or whether the assured had the required notice, or failed to pay in due time, are questions of fact, to be determined by the jury from the evidence. No doubt, the burden is on the defendant to prove the facts showing valid assessments made in strict conformity with the contract and the by-laws, but that is a matter of proof, not pleading. The plea in this case gives notice to the plaintiffs of the matter which the defendant sets up in defense of its action, and a joinder therein will, upon the trial of the cause, put the defendant to its proof that it has been absolved of its obligation by the failure of the assured to perform some duty imposed upon him by the contract. The demurrer will be overruled.