# HOME INSURANCE COMPANY OF NEW YORK
## v. OVERTURF.

[No. 5,080. Filed April 27, 1905.]

1. TRIAL.—*Motion to Produce Papers.*—*Definiteness.*—A motion, in an action on a fire policy, for the court to compel defendant to produce, for plaintiff's inspection, the proofs of loss, all letters written by defendant's agent to it concerning plaintiff's loss, and all letters written by plaintiff to said agent concerning his application for insurance and his loss, is sufficiently definite. p. 363.

2. INSURANCE.— *Application.*— *Interrogatories.*— *Warranties.*— *Opinions.*—The answers to interrogatories as to the value of the property, in a fire insurance application, are not warranties, but mere expressions of opinion. p. 363.

3. SAME.— *Application.*— *Proofs of Loss.*— *False Statements.*— False statements by assured in the application for a fire policy and in the proofs of loss do not vitiate such insurance. p. 363.

4. PLEADING.—*Answer.*—*Insurance.*—*Negligence of Plaintiff in Permitting Building to Burn.*—*Conclusions.*—An answer, in an action on a fire policy, alleging that plaintiff negligently stood by and permitted the insured building to burn, is bad, conclusions and not facts being alleged. p. 364.

5. INSURANCE.—*Additional.*—*Disclosure.*—*Misrepresentations.*—*Validity.*—A fire policy on plaintiff's property is not vitiated by plaintiff's representation in his application that there was $875 additional insurance thereon, whereas such additional policy was for $950, $75 of which was on "firearms and eggs," such not being covered by the policy in suit. p. 365.

6. STATUTES.— *Construction.*— *Civil Procedure.*— *Record.*— *What Included.*—Under the act of 1903 (Acts 1903, p. 338, §3) a paragraph of answer, which the court refuses to allow to be filed, is a part of the record. p. 366.

7. PLEADING.—*Answer.*—*Insurance.*—*Additional.*—*Election.*— *Tender.* —An answer, in an action on a fire policy, which alleges a condition in such policy nullifying same on account of undisclosed additional insurance, and which further alleges that immediately after such company's ascertaining such additional insurance, it elected to avoid the policy and returned the unearned portion of the premium, which plaintiff refused to accept, states a defense to such action. p. 366.

8. SAME.—*Answer.*—*Amendment.*—*Leave to File.*—*Refusal.*—*Discretion.*—*Abuse.*—It is an abuse of discretion by the trial court to refuse the defendant leave to file a paragraph of answer during the

trial on May 23, when defendant ascertained the facts of such answer during the progress of such trial on May 22, where proper diligence was shown to ascertain such facts prior thereto.  p. 367.

From Ripley Circuit Court; *Perry E. Bear,* Special Judge.

Action by Henry C. Overturf against the Home Insurance Company of New York.  From a judgment for plaintiff, defendant appeals.  *Reversed.*

*Chambers, Pickens, Moores & Davidson* and *Cornet & Rebuck,* for appellant.

*F. M. Thompson* and *Frank S. Jones,* for appellee.

WILEY, J.—Appellee brought this action against appellant to recover, on an insurance policy issued by appellant to him, for a loss by fire.  The complaint is in one paragraph.  Appellant filed an answer in nine paragraphs, the first of which was a general denial.  A demurrer was addressed to each, the second, third, fourth, fifth, sixth, seventh, eighth and ninth paragraphs of answer, and was sustained to each of them except the seventh and eighth. The case was submitted to a jury for trial, and before the conclusion thereof appellant made a motion for leave to file a tenth paragraph of answer, and supported that motion by affidavit.  The court overruled the motion and refused to allow appellant to file such answer.  The trial resulted in a verdict for appellee, and, over appellant's motion for a new trial, judgment was pronounced accordingly.  Appellee, before the trial of the cause, served notice upon appellant, and got an order of the court requiring appellant to produce, for inspection, certain papers in its possession, relating to the subject of the controversy.  Appellant excepted to the order requiring it to furnish the papers for inspection, on the ground that the motion was not sufficiently certain and definite.

The various rulings above indicated, adverse to appellant, are assigned as errors.  In disposing of the many

questions discussed by counsel for appellant, we will pursue the order in which they are presented.

1. Appellant insists that it was error to sustain appellee's motion requiring appellant to produce, for inspection, certain papers which were in its possession. The objection urged to the motion is that the papers asked to be produced are not sufficiently and definitely described. The notice served upon appellant was to produce proofs of loss furnished by appellee, all letters written by appellant's agent, White, to appellant concerning appellee's loss, all letters written to said White by appellee concerning his application or desire for insurance, and all letters written by appellee to said White concerning his loss. We think the description of the papers, letters, etc., was sufficiently definite, and that no error was committed in the order of the court requiring their production.

2. Appellant's second paragraph of answer seeks to avoid the policy by reason of alleged false and fraudulent representations, made in the application for insurance, as to the value of appellee's dwelling-house. Appellant's counsel insist that the representations as to valuations made in the application constitute warranties, and hence by the values fixed by appellee a fraud was perpetrated on appellant. The authorities in this State do not support appellant's contention. On the contrary, it is uniformly held that answers to interrogatories in an application for fire insurance as regards the age and value of the buildings to be insured will be regarded as mere expressions of opinion. *Cox* v. *Aetna Ins. Co.* (1868), 29 Ind. 586; *Phenix Ins. Co.* v. *Wilson* (1882), 132 Ind. 449; *Aurora Fire Ins. Co.* v. *Johnson* (1874), 46 Ind. 315; *Rogers* v. *Phenix Ins. Co.* (1890), 121 Ind. 570; *Phenix Ins. Co.* v. *Pickel* (1889), 119 Ind. 155, 163, 12 Am. St. 393.

3. The third paragraph of answer is in many respects like the second, for it seeks to avoid the policy by averring that appellant made false statements in his application for

insurance and also false statements in his proofs of loss. For the reasons stated, there was no error in sustaining a demurrer to this paragraph; and, even if there was, all the averments of the third paragraph could have been proved under the eighth, which was held good.

As to the fourth and fifth paragraphs of answer, as they rely upon false and fraudulent representations both in the application and proofs of loss, for the reasons already given, they were not sufficient as against a demurrer.

4. The sixth paragraph of answer really attempts to plead two defenses to appellee's cause of action: (1) That appellee negligently stood by and permitted the building to be consumed by fire; and (2) that he made false and fraudulent statements of valuations in proofs of loss. As we have disposed of the latter question, we need here only consider the first. We think the question is decided adversely to appellant by the decision of the Supreme Court in the case of *Aurora Fire Ins. Co.* v. *Johnson, supra.* In that case the answer charged that plaintiff negligently stood by at the time of the loss and permitted the property to be consumed, and did not make any reasonable exertion to prevent said fire or save the property from loss. The Supreme Court said: "The above paragraph is exceedingly meager and indefinite in its averments. There are no facts averred, but simply conclusions. It says the appellee negligently stood by. What is meant by standing by? In another portion it avers that he did not make any reasonable exertion to prevent the fire or save the property. It is not averred that he could have prevented the fire or saved the property from loss. If he could have prevented the fire or saved the property from destruction, such conduct would have affected the measure of damages. The use of the word 'negligently' will not supply the omission to aver that it was in his power either to prevent the fire or loss of property. In the connection in which it is used, it has no legal meaning, nor does it state a fact. The condition of the

policy is not that defendant will not be liable for any loss, but provides the assured shall use his best endeavors to save, secure, and preserve the property, and if he fails to do so, the insurer will not be liable to pay damages caused by any such neglect. We think the answer was clearly bad." This settles the question of the sufficiency of the sixth paragraph of answer against appellant.

As to the seventh and eighth paragraphs of answer, to which the demurrer was overruled, no question is discussed, and therefore they need not be considered.

5. The ninth paragraph of answer is based upon the alleged fact that in appellee's application for the insurance in appellant company he misrepresented the amount of insurance he then had in the Indiana Insurance Company upon the same property. In his application he stated that he had $875 additional insurance in the Indiana Insurance Company, while the answer avers that he had at the time $950 additional insurance, on the same property, in that company. The discrepancy between the amount of insurance which appellee held, as stated in his application, and the amount actually embraced within the policy issued to him by the Indiana Insurance Company was $75, and this $75 was an insurance on "firearms and eggs." By the contract of insurance between appellant and appellee, as disclosed by the policy, appellant did not insure appellee against loss on account of the destruction of "firearms and eggs." It follows, therefore, that, as these items were not covered by appellant's contract, the discrepancy is harmless to appellant. The demurrer to the ninth paragraph of answer was properly sustained.

In the tenth paragraph of answer, which the trial court refused to permit appellant to file, it is averred that the policy sued on was issued upon the written application of the appellee, in which he made certain specific statements. It is then averred that in said application he was asked, and answered, the following question: "Is there any additional

insurance upon the property in this or other companies?" To which he answered: "Yes; Indiana." Then, it is shown that on the back of the application was written the various items covered by the policy issued by the Indiana Insurance Company, aggregating $875. The foundation upon which this answer rests is a clause in the policy which provides that "if the assured, without written consent hereon, has now or shall hereafter procure any other contract of insurance, whether valid or not, on any of said property, then * * * this policy shall be null and void." The answer averred that at the time of the issuing of the policy sued on appellant had no notice or knowledge of said additional insurance, in the sum of $300, in the Hopewell Fire Insurance Company, upon the same personal property embraced within appellant's contract.

6. Appellee makes the point that we can not consider appellant's motion for leave to file the tenth paragraph of answer, nor the answer itself, because they are not brought into the record by bill of exceptions. Under section three of the practice act (Acts 1903, p. 338) "Every pleading, * * * filed or offered to be filed, * * * whether received by the court, refused or stricken out, shall be a part of the record from the time of such filing or offer to file." The pleading is therefore in the record, and the ruling of the court refusing to allow it to be filed, is before us for consideration.

7. Two reasons are urged by counsel for appellee in support of the action of the trial court: First, that due diligence is not shown for the delay in not offering to tender the issue presented by the answer at an earlier day; and second, that it does not state facts sufficient to constitute a defense. We will consider these reasons in their inverse order; for if the second is well grounded, further inquiry would be useless.

The offered answer is not a model pleading, but it suffi-

ciently appears that it is based upon a provision in the policy that it shall be null and void if "the assured, without written consent hereon, has now or shall hereafter procure any other contract of insurance, whether valid or not, on any of said property." That such a provision as this in a fire insurance policy is valid and enforceable is no longer a debatable question, and we do not pause to cite authorities.

The answer sufficiently shows that at the time of the application for and issuing of the policy appellee had taken out a policy of insurance on part of the property covered in the policy in suit; that appellee did not divulge such fact to appellant; that appellant had no knowledge thereof until May 22, 1903, and had no opportunity to tender to appellee the return or unearned premium on said policy, but did tender to him such unearned premium May 19, 1903, amounting to $20.86, which he refused to accept. The answer thus shows an express violation of a valid provision of the policy. It has many times been held that such a violation of the provision of a fire insurance policy avoids its enforcement. Of the many cases so holding we cite the following: *Havens* v. *Home Ins. Co.* (1887), 111 Ind. 90, 60 Am. Rep. 689; *American Ins. Co.* v. *Replogle* (1888), 114 Ind. 1; *Behler* v. *German Mut. Fire Ins. Co.* (1879), 68 Ind. 347; *Sisk* v. *Citizens Ins. Co.* (1897), 16 Ind. App. 565. We conclude, therefore, that the tenth paragraph of answer stated facts sufficient to bar appellee's cause of action, or, as was said in the last case cited: "The matter set up in the paragraph of answer was such as in terms avoided the contract of insurance."

8. As to whether the answer was timely tendered, a more difficult question is presented. By the many decisions in this State as to the right to amend pleadings, it is almost axiomatic that such right rests largely within the discretion of the trial court, and unless it appears that such discretion has been abused, the action of the trial court will not be

reviewed on appeal.   If the rights of a litigant have been abridged by an adverse ruling on his offer to amend his pleadings, or to file additional paragraphs thereof, and he has been without fault, and has brought himself within the letter and spirit of the statute, and the refusal of the court to allow such amendment has resulted in the miscarriage of justice, then it would seem that such refusal would be an abuse of judicial discretion.

Appellee asserts that the offer to file the tenth paragraph was not timely made, because the affidavit in support thereof shows that the facts set up therein came to appellant's knowledge, during the progress of the trial, on the 22d day of May, 1903, and the offer to file the answer was not made until the day following at the noon hour.   There is some confusion in the dates as disclosed by the record, but it is conceded by appellant that the offer to file the tenth paragraph of answer was not made until the noon hour on May 23.   The affidavit in support of the answer discloses that appellee failed to divulge the fact that, at the time the policy sued on was issued, he had another policy of $300 in another insurance company upon part of the same property covered by appellant's policy.   He concealed this fact, not only in his application for insurance and in his proofs of loss, but also in his examination under the statute before the trial. Upon the trial of this cause he said he knew that he had the policy in the Hopewell Insurance Company, and that when he made application for the policy in suit, when it was issued to him, and when he submitted his proofs of loss, he did not say anything about it.   He also testified that before the trial, when he was examined under the statute, he stated that he had no other policy on the property covered by the policy in suit except in the Indiana Insurance Company. The fact that appellee had this $300 policy never came to the knowledge of the appellant until about the noon hour on the day before the offer to file the additional paragraph was made.   This fact was divulged through the testimony of the

appellee himself, during the progress of the trial. Upon these facts can it be said that appellant used ordinary diligence in presenting the answer?

We must not lose sight of the fact that the trial of this cause was in progress. During the sittings of the court, from the time appellant learned of the additional insurance to the very moment the answer was tendered, witnesses were being examined. The answer is of considerable length and necessarily required much time to prepare it. Additional time was required to prepare the affidavit in support of it. During the progress of a trial multifarious duties devolve upon counsel, and in determining whether due diligence has been used, as applied to the facts disclosed in each particular case, we conceive it to be the duty of the court to take into consideration all the facts and the duties which devolve upon counsel. Appellant could not have filed its tenth paragraph of answer until it came into possession of the facts relied upon. It certainly used every means at its command to acquaint itself of facts upon which to rest its defense. Appellee had ample opportunity to disclose the fact to appellant upon which the tenth paragraph of answer was based, yet he studiously kept that fact securely locked within his own breast. It is clear that no additional evidence would have been required upon the issue tendered by the answer, for the evidence was already in.

Insurance companies have the right to guard against the vice of over-insurance, and in protection of this right they are permitted to insert in their contracts of insurance stipulations similar to the one we have been considering. Such a stipulation being a valid one, both the insured and insurer are bound by it. It is the duty of the court to enforce the stipulations of a valid contract.

Speaking of the discretionary power of the court to permit amendments to pleadings, the Supreme Court, in *Chicago, etc., R. Co. v. Jones* (1885), 103 Ind. 386, 389, said:

"But the decision of the *nisi prius* court, when cause is shown, is not conclusive. It may be reviewed in this court, and will be disapproved when substantial injustice appears to have been done." 1 Works' Practice (3d ed.), §700; *Burr* v. *Mendenhall* (1875), 49 Ind. 496; *Shropshire* v. *Kennedy* (1882), 84 Ind. 111. Without reciting the facts, the judgment in the case from which we have just quoted was reversed, because of the refusal of the trial court to permit appellant to amend its pleading.

Considering the entire record, we have reached the conclusion that "substantial injustice appears to have been done" by the refusal of the trial court to permit appellant to file its tenth paragraph of answer.

Other questions presented by the record upon the admission of certain evidence and the giving of certain instructions are not likely to arise again, and hence need not be considered.

The judgment is reversed, and the trial court is directed to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.