BOARD OF EDUCATION OF CITY AND COUNTY OF SAN FRANCISCO v. ALLIANCE ASSUR. CO., Limited.

(Circuit Court, N. D. California. February 3, 1908.)

No. 14,198.

1. INSURANCE—FIRE—ACTION ON POLICY—ANSWER—SUFFICIENCY.
    Under general rules of pleading, in an action on a fire policy exempting insurer from liability for loss caused directly or indirectly by earthquake, an answer is sufficiently definite and certain where it alleges (1) that the fire and the loss thereby caused were caused directly by earthquake, and that but for such earthquake the fire and loss would not have occurred; and (2) that the fire and loss thereby were caused indirectly by such earthquake, and that but for such earthquake the fire and loss would not have occurred.

2. CONSTITUTIONAL LAW—EQUAL PROTECTION OF THE LAWS—FIRE INSURANCE—ACTION ON POLICY—PLEADING.
    Code Civ. Proc. Cal. § 437a, Act Cal. March 21, 1907, St. 1907, p. 836, c. 447, providing that in an action on an insurance contract wherein defendant claims exemption from liability because, though the proximate cause of the loss was a peril insured against, the loss was remotely caused by or would not have occurred but for a peril excepted in the contract, defendant must specify in his answer the peril which was the proximate cause of the loss, in what manner the peril excepted contributed to the loss or itself caused the peril insured against, and, if he claims that the peril excepted caused the peril insured against, upon what premises or at what place the peril excepted caused the peril insured against, does not compel a disclosure of defendant's evidence in advance of the trial so as to deprive him of the equal protection of the laws, on the theory that other litigants are not compelled to disclose their evidence.

3. CONSTITUTIONAL LAW—EQUAL PROTECTION OF THE LAW—FIRE INSURANCE—ACTION ON POLICY.
    But the section is unconstitutional as depriving defendant of the equal protection of the law, in that it discriminates against a particular class of actions and against defendants therein, without apparent reason for the distinction.

4. COURTS—FEDERAL COURTS—ACTIONS ON INSURANCE CONTRACTS—PLEADING.
    The section is not inapplicable to the federal courts in actions at law, as compelling a disclosure of evidence in advance of the trial, while Rev. St. § 861 [U. S. Comp. St. 1901, p. 661], provides that the mode of proof in the trial of actions at common law shall be by oral testimony and examination of witnesses in open court, except as thereinafter provided.

5. STATUTES—SPECIAL LAWS—PLEADING—CONSTITUTIONAL LAW.
    The section is also invalid as violating Const. Cal. art. 4, § 25, subd. 3, prohibiting special laws regulating the practice of courts.

**6. WORDS AND PHRASES—"EVIDENCE"—DEFINITION.**

"Evidence" is the means by which a fact is proved.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 3, pp. 2521–2524; vol. 8, p. 7655.]

**7. STATUTES—"GENERAL LAW"—WHAT CONSTITUTES.**

An act applying uniformly to the whole or any single class of individuals or objects, where the classification is founded upon some natural intrinsic or constitutional distinction, is a "general law."

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Statutes, §§ 70–76.

For other definitions, see Words and Phrases, vol. 4, pp. 3065–3071; vol. 8, pp. 7669–7670.]

**8. SAME—CLASSIFICATION.**

To make a law applying to a class of individuals or objects general, the classification must not be arbitrary, but must be founded upon some natural intrinsic or constitutional distinction, and some reason must appear why the act is not made to apply generally to all classes.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Statutes, §§ 70–76.]

**9. SAME.**

Although a law is general when it applies equally to all individuals of a class founded upon a natural intrinsic or constitutional distinction, it is not general if it confers particular privileges or imposes peculiar disabilities or burdensome conditions in the exercise of a common right upon a class arbitrarily selected from the general body of those who stand in precisely the same relation to the subject of the law.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Statutes, § 72.]

William G. Burke, City Atty., for plaintiff.

T. C. Van Ness, for defendant.

VAN FLEET, District Judge. This is an action on a policy of fire insurance upon property in the city and county of San Francisco which, among other exemptions from liability stated therein, provides that:

"This company shall not be liable for loss caused directly or indirectly by earthquake."

Relying on this exception, defendant in its answer sets up two separate defenses: (1) "Defendant alleges the fact to be that the fire mentioned in the complaint, and the loss thereby and by reason thereof in the complaint specified and alleged, was caused directly by earthquake, and that but for such earthquake said fire and said loss would not have occurred." (2) "Defendant alleges the fact to be that the fire mentioned in the complaint, and the loss thereby and by reason thereof in the complaint specified and alleged, was caused indirectly by earthquake, and that but for such earthquake said fire and said loss would not have occurred." To these defenses plaintiff has demurred, and claims that the pleas are not sufficiently definite and certain, either under the general rules of law or under section 437a of the Code of Civil Procedure of this state, enacted March 21, 1907. St. 1907, p. 836, c. 447. The defendant, on the other hand, claims that the pleas are good under the general rules of pleading, and that said section 437a is invalid. These propositions will be considered separately.

1. In pleading the breach of a contract it is well settled that it is sufficient to plead the breach in the language of the contract. So,

if a liability is to attach upon a certain condition, that condition may be pleaded in the language of the contract. Thus, if defendant's liability depends upon the destruction of the property by fire, a general allegation in the complaint that at a certain time the property was destroyed by fire is sufficient. It is not necessary to allege how the fire originated or how it spread to the property insured. So, if a policy insures property against damage by earthquake a general allegation that at a particular time the property was damaged by earthquake would be sufficient. It would not be necessary to allege the manner in which the earthquake operated to damage the property, whether it opened up the earth and swallowed the building, or merely shook it down or caused another building to fall upon it, or short-circuited electric wires or overturned a stove and set it afire, nor where any of its manifestations occurred or originated. If this is the correct rule of pleading as regards the plaintiff, it would seem to be equally so as regards the defendant. If the policy provided that the company should not be liable if the property should be destroyed by fire, a general allegation in the answer that it was destroyed by fire would seem to be sufficient, without alleging the place where the fire originated or the manner in which it destroyed the property. So, if the policy, as in the case at bar, provided that the company should not be liable if the property should be destroyed by earthquake, a general allegation that it was so destroyed would seem to be sufficient. That such pleas are sufficient is amply supported by authority. Thus, where the policy insured against the fraud or dishonesty of an employé, a general allegation of loss by reason of "various acts of fraud and dishonesty on the part of" the employé was held sufficient. Bank of Timmonsville v. Fidelity, etc., Co. (C. C.) 120 Fed. 315. So, where the policy insured against "physical bodily injuries effected * * * by external, violent, and accidental means," a general allegation that "the insured was killed, his death resulting solely from physical bodily injuries proceeding from and inflicted by external, violent, and accidental means," was held sufficient. Railway Officials', etc., Ass'n v. Armstrong, 22 Ind. App. 406, 53 N. E. 1037. See, also, to same effect, McElfresh v. Odd Fellows' Acc. Co. of Boston, 21 Ind. App. 557, 52 N. E. 819; Railway Officials', etc., Ass'n v. Beddow, 112 Ky. 184, 65 S. W. 362. The same rule has been applied to a plea. Thus, in Seebass v. Insurance Company (C. C.) 82 Fed. 792, . the defendant pleaded that the deceased had failed to pay a certain mortuary call. To this plea plaintiff demurred upon the ground that "it does not legally appear that the plaintiffs' intestate was obligated by the contract of insurance to pay the mortuary call specified in the plea, and that by reason of such nonpayment the contract became null and void." In overruling this demurrer the court said:

"An assignment of a breach, in the words of the contract, when no question of law is involved, is good. 1 Chit. Pl. 332. It is only necessary that the plea contain sufficient matter which, if substantiated by proof, will sustain defense. Dewees v. Insurance Co., 34 N. J. Law, 244. Whether the mortuary call in this case was properly made, or whether the assured had the required notice, or failed to pay in due time, are questions of fact, to be determined by. the jury from the evidence. No doubt, the burden is on the defendant to .

prove the facts showing valid assessments made in strict conformity with the contract and the by-laws, but that is a matter of proof, not pleading. The plea in this case gives notice to the plaintiffs of the matter which the defendant sets up in defense of its action, and a joinder therein will, upon the trial of the cause, put the defendant to its proof that it has been absolved of its obligation by the failure of the assured to perform some duty imposed upon him by the contract."

The cases relied upon by plaintiff contain nothing contrary to this rule.

In the case of Studwell v. Insurance Co., 17 Hun, 602, the defendant pleaded that the insured had been guilty of fraud in answering "No" to a question relating to a great number of diseases. The court held that the plea should have stated in respect to which of the many diseases the answer was false. In that case the contract in fact contained as many separate warranties as there were diseases enumerated, and, of course, defendant was compelled to specify which particular warranty it relied upon.

In Insurance Company v. Bailey (Ky.) 78 S. W. 119, the defendant relied upon a false representation as to the business of the insured, alleging that the additional business not disclosed materially increased the risk without alleging the facts from which such increase could be inferred. This was held insufficient on the ground that fraud cannot be pleaded generally, but every fact constituting the fraud must be alleged. That rule has no application here.

The cases of Reed v. Insurance Co. (N. J. Sup.) 65 Atl. 1053, and Insurance Co. v. Overturf, 35 Ind. App. 361, 74 N. E. 47, held that a plea that the loss was caused by "civil authority," without showing that the person making the order for the destruction actually had civil authority to do so, is insufficient. The reason of this is that where a term used in a contract involves a mixed question of law and fact, the pleader will not be permitted to draw his conclusions as to the law as well as the fact. As to what is a "fire" or an "earthquake," or "dishonesty," or "bodily injury by violent and accidental means," is a pure question of fact, but loss by "civil authority" involves, first, the legal question of authority and, second, the fact of destruction by that authority. The first cannot be decided by the pleader, the second may. After the authority is established by proper allegation, the destruction may be alleged generally. These are the only cases relied upon by plaintiff as showing that the answers are insufficient under general rules of pleading, and none of them, in my opinion, supports the contention. On the contrary I am satisfied that under general rules of pleading the answers are sufficient.

2. The law relied upon as changing this general rule of pleading is found in the act of the Legislature of California approved March 21, 1907 (St. 1907, p. 836, c. 447), which reads as follows:

"Sec. 437a. In an action to recover upon a contract of insurance wherein the defendant claims exemption from liability upon the ground that, although the proximate cause of the loss was a peril insured against, the loss was remotely caused by or would not have occurred but for a peril excepted in the contract of insurance, the defendant shall in his answer set forth and specify the peril which was the proximate cause of the loss, in what manner the peril excepted contributed to the loss or itself caused the peril insured against,

and if he claim that the peril excepted caused the peril insured against, he shall in his answer set forth and specify upon what premises or at what place the peril excepted caused the peril insured against."

It may be observed that this act was passed shortly after the late disastrous conflagration in San Francisco, and at a time when, according to common report, many insurance companies were denying liability on the ground that the fire was caused by earthquake; and it is stated in plaintiff's brief that it was inspired by those circumstances. The validity of this statute is attacked on several grounds. It is first claimed that it deprives the defendant of the equal protection of the law, because it compels it to disclose its evidence in advance of the trial, while other litigants are not compelled to do so. For the same reason it is claimed that it cannot apply to the federal courts in actions at law, because of section 861 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 661], which provides:

"The mode of proof in the trial of actions at common law shall be by oral testimony and examination of witnesses in open court, except as hereinafter provided."

If the effect of this act is to compel the production of evidence in advance of the trial, there would be great weight in these objections; but I think the objections are based upon a misapprehension of the effect of the act. It is clear that the act has given no effect to the facts required to be alleged different from other allegations of pleadings. Evidence is the means by which a fact is proved (section 1823, Code Civ. Proc. Cal.), and this act does not require these to be divulged. To require a pleader to state how or where a certain thing happened does not require the pleader to divulge the means by which he intends to prove the happening of the event. Undoubtedly a plea under this statute would be sufficient if it stated that at a certain place an earthquake shock short-circuited an electric wire and set fire to a building, and the fire spread to and destroyed the property insured. Such a plea clearly would not disclose the evidence by which the facts relied upon as a defense were to be proved.

It is next claimed that the act deprives defendant of the equal protection of the law, and is also a special law "regulating the practice of courts of justice," within the meaning of section 25, subd. 3, art. 4, of the Constitution of California. This presents the most difficult question in the case. Before considering it in detail, it will be well to ascertain precisely in what respect the act attempts to change the rules of pleading.

The act in effect does four things: First, it changes a general rule of pleading; second, it changes it only in so far as it applies to one class of actions, viz., to actions respecting insurance policies; third, it does not change the rule as to all actions respecting insurance policies, but only as to actions at law to "recover upon a contract of insurance"; fourth, it does not apply to all pleadings in such actions, but only to pleadings on behalf of the defendant.

While it is often difficult to determine whether in a given case a legislative enactment is violative of the constitutional provisions which are herein invoked, certain general rules may be taken as well settled.

These general rules have been aptly stated thus: (1) An act applying uniformly to the whole of any single class of individuals or objects, where the classification is founded upon some natural intrinsic or constitutional distinction, is a general law. (2) In order to make the law general, the classification must not be arbitrary, but must be founded upon some natural intrinsic or constitutional distinction, and some reason must appear why the act is not made to apply generally to all classes. (3) Although a law is general when it applies equally to all individuals of a class founded upon a natural intrinsic or constitutional distinction, it is not general if it confers particular privileges or imposes peculiar disabilities or burdensome conditions in the exercise of a common right upon a class arbitrarily selected from the general body of those who stand in precisely the same relation to the subject of the law. See Treadwell's Constitution of California (2d Ed.) pp. 113–114, and cases cited.

In applying these general rules to pleading and practice in judicial proceedings, the right of the Legislature to provide different rules for different classes of proceedings is upheld; but it is also held that the mere fact that the class is founded on some intrinsic difference does not necessarily justify a special rule. There must be some relation between the difference in class and the difference in the rule of practice involved. A brief consideration of the cases in this state on this subject will illustrate the meaning of this rule.

In Cullen v. Glendora Water Company, 113 Cal. 503, 45 Pac. 822, 1047, it was held that an act requiring a motion for a new trial in a proceeding to confirm the organization and bonds of an irrigation district to be made upon the minutes of the court was a special law, and invalid on the ground that there was no "reason or necessity for the difference arising from any peculiar characteristic of the class of proceedings to which it is applied." This case was approved in Deyoe v. Superior Court, 140 Cal. 476, 74 Pac. 28, 98 Am. St. Rep. 73. In that case the court upheld the law requiring the entry of an interlocutory decree in actions for divorce and the entry of the final decree one year thereafter. This was put upon the ground of the interest of the public in the marriage relation and in preventing a remarriage while the judgment was subject to review on appeal. It was not placed on the mere ground that the act applied to all actions of divorce. On the contrary, the court said:

"If the action were the ordinary action between two parties who alone were interested in the result, it might be difficult to give any good reason for a special rule as to the giving of final judgment, or indeed for any of the provisions specially applicable to divorce cases."

So, in the case of Title & Document Restoration Co. v. Kerrigan, 150 Cal. 289, 88 Pac. 356, 8 L. R. A. (N. S.) 682, upholding special legislation as to pleading and practice in suits to establish title to real estate where the records have been destroyed by fire, the court carefully pointed out that each of the different provisions was based upon differences in the nature of the proceeding which were sufficient to justify the Legislature in establishing special rules.

Another case which clearly enforces this rule is Builders' Supply

Depot v. O'Connor, 150 Cal. 265, 88 Pac. 982, holding invalid the statute allowing the plaintiff an attorney's fee in suits to foreclose mechanics' liens. This decision was based on two grounds: First, that there was nothing in the nature of the case justifying the allowance of attorney's fees which are not allowed in other cases; and, second, that if there were any basis for the distinction the defendant, if successful, was as much entitled to an attorney's fee as the plaintiff. From these cases it results that this act cannot be upheld simply because it applies to all cases of a class. It must be shown that there is something in the nature of the action that justifies the distinction, and it must further be shown that there is something peculiar in the position of the defendant that requires the rule to apply to him and not to the plaintiff.

There are many actions, other than actions on insurance policies, in which the question might arise as to the cause of the destruction of property. It might arise in an action between landlord and tenant, or between contractor and builder. Why should they not be required to state the manner in which, and the place where, the named peril caused the loss? Is there anything in the nature of an insurance company which gives it peculiar knowledge on this subject, and requires or enables it to plead in this manner? Ordinarily, the insurer has no personal knowledge of the origin of the fire, while the insured generally has such knowledge. So the contractor or tenant would presumably have such knowledge. Why then should the insurer be required to plead in this manner, but the insured, the tenant, and the contractor allowed to plead generally? No reason has been or well could be suggested for this distinction. The plaintiff, who under ordinary circumstances presumably knows how and where the fire originated, pleads merely the ultimate fact that the property was destroyed by fire, but the insurance company, which presumably knows nothing of the matter, must plead the exact manner in which the fire in question operated and the place where it originated. Take a concrete case: Suppose a policy exempted the company from liability for loss caused by the explosion of gasoline on the premises. The company might know that gasoline was on the premises, but would know nothing of the manner in which or the place where it was caused to be exploded. It might expect to prove these things out of the mouth of the plaintiff. Why should it be compelled to plead the matter more in detail than the plaintiff would be required to plead the same thing? No reason for the distinction can be imagined, and a law imposing such an additional burden upon the defendant is obviously, to my mind, special, and deprives the defendant of the equal protection of the law. It follows that the demurrer should be overruled, and it is so ordered.