INHABITANTS OF LEWISTON *versus* INHABITANTS OF FAIRFIELD.

The allegation, in a complaint, that a person is " *an idle, ungovernable boy, and a habitual truant,*" describes no offence under any statute of this State.

Magistrates have no authority to sentence a boy to the State Reform School, for breach of the by-laws of a town, for a term exceeding one year.

A complaint, in no manner alluding to the by-laws of a town, cannot be sustained by virtue of those by-laws.

If the process by which a boy is committed to the Reform School is void, the town from which he was committed cannot recover sums paid for his support at that school from the town of his legal settlement.

ON FACTS AGREED. This was an action of debt, to recover the amount paid by the plaintiffs to the superintendent of the State Reform School, for the support of a boy whose settlement was alleged to be in the defendant town.

Under appropriate specifications of defence duly filed, the defendants denied that the boy had been legally committed to the Reform School.

The complaint, (a copy of which is given in the margin,*) warrant and mittimus upon which he was committed, and the by-laws of Lewiston were made a part of the case. The contents of the mittimus are stated in the opinion.

Several questions were made in reference to the by-laws, but, in the view of the case taken by the Court, they became immaterial, and the statement of them is omitted.

*Fessenden & Frye,* for plaintiffs.

To what extent can the inhabitants of Fairfield be permit-

---

* COPY OF COMPLAINT. — "To John Smith, Esq., one of the justices of the peace, within and for the County of Androscoggin.

"Hiram K. Thompson of Lewiston, in said county, in behalf of the State of Maine, on oath complains that Charles E. Thompson, of Lewiston, in said county, a youth under the age of sixteen years, is an idle, ungovernable boy, and a habitual truant against the peace of the State and contrary to the form of the statute in such case made and provided. Therefore, the complainant prays, that the said Charles E. Thompson may be apprehended and held to answer to this complaint and further dealt with as the law directs."

ted to go back into the matter preliminary to payment of the sum named, in order to avoid being answerable to Lewiston ?

Are they to be allowed to go into all the preliminary proceedings, and, if the statute in all respects has not been complied with in every particular, no matter how trivial, by magistrate, superintendent, and any and all who have any duties to perform, can they set up these things in defence of this action, or, if Lewiston has paid the sum sought to be recovered upon demand of the proper officer, is it not recoverable of defendants ?

These preliminary matters, it is urged, cannot be gone into. Lewiston when called upon paid. That town could not have been called upon, on demand made, to have made an examination of all the proceedings of the justice to see they were correct, before making payment to the Reform School. The superintendent, having the mittimus of the magistrate, makes a demand, and it must be paid. Nor can any town, under like circumstances, be called upon to make an examination of all the preliminary proceedings, before complying with the requisition of the superintendent of the Reform School in such a case as this.

It is, therefore, contended, that no illegality in the preliminary proceedings can release Fairfield from the payment of the amount claimed; that Lewiston, having paid the expense upon demand of the legal authority, and Fairfield, having admitted the settlement of the person for whom the expense accrued, is estopped from going into an examination of all the proceedings in the first instance.

Thompson, having been committed, the selectmen of Lewiston notified, Lewiston can do nothing but pay.

But, the statute cited, authorizes a sentence to the Reform School. The alternative punishment, if unauthorized, does not vitiate the sentence.

Thompson was never confined in jail, and that part of the sentence is surplusage, and can be of no consequence, inasmuch as it was never carried into effect.

It is not contended that there is any statute or by-law of

Lewiston, authorizing confinement in the county jail or the Reform School for truancy, but the statute of 1858, c. 37, Public Laws, especially authorizes a commitment to the Reform School for that offence.

The statute expressly says, (§ 21,)—"When any boy between the ages of eleven and sixteen years is convicted of larceny, when the property stolen does not exceed one dollar in value, of assault and battery, malicious mischief, malicious trespass, Sabbath breaking, riotous conduct, disturbing the peace, embezzlement, cheating by false pretences, vagrancy, *truancy, or* of being a common runaway, drunkard, pilferer, night-walker, *or* of having violated any police or municipal regulation of a town punishable in the county jail or house of correction, the Court or justice may sentence, &c. Now "*or*" is a disjunctive conjunction, and it is not intended by the language above quoted, to say that "truancy" or "vagrancy" are violations of the police or municipal regulations of the town, which are to be punished in the manner set forth, but they are distinct offences which are to be punished, *as well as any violation* of the police or municipal regulations punishable in the county jail or house of correction. They are enumerated as distinct offences. If this were not so, and it was intended by this Act to punish only violations of the police or municipal regulations of a city or town punishable in the county jail or house of correction, and to enumerate the whole list of offences as such violations of police or municipal regulations, the statute would have read " or of having violated any (*other*) police or municipal regulation," &c. Hence, it seems, that there is no necessity for a by-law of the town to justify the magistrate in taking jurisdiction of this offence.

*Snell,* for defendants.

The complaint purports to be based upon the *Statute ;* and not upon any by-law of Lewiston.

It is a well settled rule of criminal pleading that a complaint for breach of a by-law of a town must set forth the by-law.

But there is no statute, which makes being "an idle, ungovernable boy, and a habitual truant," an offence.

The mittimus, therefore, confers no authority whatever, for the superintendent of the Reform School to receive and detain young Thompson in custody.

There was no legal claim against the plaintiffs; they paid of their own motion, and not for the support of a person "*committed for some crime*," as the statute requires in order to make them liable.

By such a payment, they could create no liability on the part of the defendants.

The opinion of the Court was drawn up by

APPLETON, J.—The plaintiffs bring this action to recover the amount paid by them on account of one Charles Thompson, who had been sentenced to the Reform School, for the term of two years, by John Smith, the magistrate before whom he was brought for trial, upon the complaint of his father, on the charge of being "an idle, ungovernable boy, and an habitual truant."

The settlement of Thompson in the defendant town, the payment by the plaintiffs of the amounts sued for to the superintendent of the State Reform School, and due notice to the defendants are admitted.

It is insisted in the defence, among other grounds, that the complaint, judgment and warrant of commitment show no offence, and that, consequently, the proceedings were entirely unauthorized and void.

Formal defects in the proceedings should not be permitted to defeat the plaintiffs' claim. But an entire want of jurisdiction on the part of the magistrate—an illegal conviction for a non-existent offence, is not a mere technicality and cannot be regarded as such.

The mittimus of the magistrate, after the usual direction to the Sheriff, &c., proceeds as follows:—"Whereas Charles E. Thompson of Lewiston, in said county of Androscoggin, *a youth under the age of sixteen years*, hath this day been convict-

ed before me, John Smith, Esq, one of the justices of the peace, &c., upon the complaint on oath of Hiram K. Thompson of said Lewiston, in said county, in which the said Thompson complains that Charles E. Thompson of Lewiston, in said county, on the third day of November, A. D., 1858, at Lewiston aforesaid, in the county aforesaid, *is an idle, ungovernable boy, and is a habitual truant,* against the peace of the said State and *contrary to the form of the statute in such case provided*—for which offence the said Charles E. Thompson hath been sentenced by me, the said justice, to the State Reform School, *for the term of two years,* or to be imprisoned in the county jail in Auburn, in the county of Androscoggin, for the term of ten days," &c.

By R. S., 1857, c. 11, § 12, " towns may make by-laws, not repugnant to the laws of the State, *concerning habitual truants and children between six and fifteen years,* not attending school, without any regular and lawful occupation, and growing up in ignorance, as are most conducive to their welfare and the good order of society; and may annex a suitable penalty, *not exceeding twenty dollars,* for any breach thereof; but said by-laws must be first approved by a Judge of the Supreme Judicial Court."

By § 13, it is provided that towns shall appoint persons to make complaint for violation of the by-laws established by virtue of the preceding section.

By § 14, the " magistrate, in place of the fine aforesaid, may order. children, proved to be growing up *in truancy* and without the benefit of the education provided by law, to be placed for such periods of time as he *thinks expedient* in the institution of instruction, house of reformation, or other suitable situation provided for the purpose under the authority conferred by § 12."

By statute of 1858, c. 37, § 2, authority is given the magistrate, when any person is convicted of " *truancy,* or having violated any police or municipal regulations of any city or town, punishable in the county jail or house of correction," to sentence the offender to the Reform School, &c.

It is apparent that there is no 'punishment provided by statute for the offence described in the complaint and mittimus. Indeed there is no offence set forth and defined, either in the Revised Statutes or in the subsequent legislation of the State, such as is the subject matter of the official action of the magistrate.

There is nothing in the statutes conferring jurisdiction on the magistrate to issue the process in question.

Under the authority conferred upon towns, the plaintiffs have made by-laws relating to "habitual truants."

By § 1 of these by-laws, " any child between the age of ten and fifteen years, without any regular and lawful occupation, who shall, except in case of ill health, habitually neglect to attend school, or become an habitual truant, growing up in ignorance, upon conviction thereof, shall be fined not less than one nor more than five dollars."

By § 2, " instead of the fine mentioned in § 1, any justice before whom such child may be for trial, may, at his discretion, order such child convicted upon the foregoing section to be committed to the Reform School, for a term not exceeding *one* year."

But the proceedings before the magistrate are not based upon any by-law of the town of Lewiston. No allusion is made in any way thereto. And, if the proceedings had been under those by-laws, the magistrate had no authority to sentence for a longer period than *one* year. So far as relates to the term of imprisonment, the sentence might as well have been for life as for *two* years.

The mittimus and other proceedings, not being warranted by the statutes of the State, nor the by-laws of Lewiston, the sheriff had no authority to commit nor the superintendent to receive. The plaintiffs were under no obligation to pay, and, having paid voluntarily, they cannot recover.

*Plaintiffs nonsuit.*

TENNEY, C. J., and CUTTING, GOODENOW, DAVIS, and KENT, JJ., concurred.