LEWIS REED, ADMINISTRATOR FOR DAVID T. REED, DE-
CEASED, ET AL., v. THE NEWARK FIRE INSURANCE
COMPANY.

Argued November 8, 1906—Decided March 15, 1907.

1. A policy of insurance had a mortgagee clause attached which
   provided that, as to the interest of the mortgagee, the insurance
   should not be invalidated by any act or neglect of the mortgagor
   or owner of the insured property. The policy provided that for
   certain acts and certain omissions of the insured the policy should
   be void. In an action by the mortgagee to recover for the destruc-
   tion of the insured property by fire, the company interposed sev-
   eral pleas setting up that the policy was void because of various
   acts and defaults of the mortgagor and owner. On demurrer,
   *held*, that these pleas were bad.
2. A plea setting up that an award by appraisers was a condition
   precedent to an action by the mortgagee *held* to be defective be-
   cause the existence of all the conditions which made the award
   essential were not set out.
3. A policy stipulated that the insurance company should not be
   liable for loss caused directly or indirectly by order of any civil
   authority. The plea charged that the loss was caused by an order
   of a civil authority, to wit, by an order of a building inspector of
   the city of Hoboken, directing the destruction of the insured
   buildings. *Held*, that the plea was bad because it did not show
   the authority of the officer to order the destruction of the build-
   ings.
4. A policy provided that the insurance company should not be liable
   for loss occasioned by ordinance or law regulating the construc-
   tion of repairs of buildings. A plea charged that the loss in
   question was occasioned by the act of an officer under the author-
   ity of an ordinance, the title of which only is named. *Held*, that
   the substance at least of the ordinance should have been stated,
   so that the court could itself determine the scope of the officer's
   authority.

On demurrer to pleas.

The declaration sets out that the Newark Fire Insurance
Company on June 3d, 1903, agreed to insure, for the term of
three years, Abraham Lewitt against all direct loss or damage
by fire, to an amount not exceeding $4,500, on certain de-
scribed property; that the said insurance was made subject
to certain stipulations and conditions; that the defendant

agreed to pay the loss under the said policy to David T. Reed and James A. Reed, as mortgagees, as their interest might appear, and that said insurance, as to the interests of the mortgagees only, should not be invalidated by any act or neglect of the mortgagor or owner of the insured property, nor by any foreclosure or other proceeding or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than permitted by the policy.

The declaration sets out that Abraham Lewitt, with the consent of the defendant, sold the property to one Ignats Fabrikant, and assigned his interest in the policy on July 16th, 1903; that on February 23d, 1905, the property was burned while still the property of Fabrikant; that an inventory was duly rendered to and accepted by the company. The declaration further states that although all the agreements and conditions in said policy have been fulfilled according to the tenor of said policy, the defendant, after being often requested to pay the sum due under said policy, has refused to do so. The policy of insurance is attached to the declaration, and by reference made a part thereof. Attached to the policy is a New Jersey standard mortgagee clause.

To this declaration are interposed seventeen pleas. The substance of these pleas are, briefly, as follows:

1. *Non est factum.* 2. *Non assumpsit.* 3. That the policy is void because the insured misstated a material fact, namely, that the interest in the property was vested in Ignats Fabrikant as owner. 4. That the ascertainment of loss by the terms of the contract was a condition precedent to a right to bring an action. 5. That the insured did not give immediate notice in writing of the loss. 6. That no satisfactory proof of loss was received by the defendant. 8. That the insured misrepresented in an affidavit the ownership of the property. 9. That the insured misrepresented in an affidavit the amount of encumbrance upon the property. 10. That the property was destroyed by order of the building director of the city of Hoboken. 11. That the property was destroyed by virtue of

an ordinance of the city of Hoboken. 12. That the insured did not, within sixty days after the fire, render a sworn statement stating his knowledge and belief as to the time and origin of the fire. 13 and 14. That the interest of Fabrikant was not sole and unconditional. 15. That the insured did not rebuild or repair the premises, and sets out a number of other defaults mentioned in other pleas. 17. That plaintiff could not recover because, if the houses were untenantable, the insured has not rebuilt, and his loss has not been appraised.

There is a joinder of issue as to the second and sixteenth pleas, and to the remaining fifteen there are demurrers.

Before Justices FORT, PITNEY and REED.

For the demurrant, *Samuel Besson* and *Joseph M. Roseberry.*

For the defendant, *Leon Abbett.*

The opinion of the court was delivered by

REED, J. The demurrer to the first plea is good, because the contract for insurance is not under seal.

With the exception of the tenth and eleventh pleas, each of the remaining pleas seems to set out certain conduct of the insured which, by the terms of the instrument, would render the policy entirely void.

First, the policy provides that it shall be void if the insured has concealed or misrepresented any material fact or circumstance concerning the insurance of the subject thereof; or if the interest of the insured in the property be not truly stated therein; or in case of any fraud or false swearing by the insured.

The third, seventh, eighth and ninth pleas are based upon a violation by the insured of this provision.

Again, the policy provides that the insured shall give immediate notice of any loss, in writing, to the company, and within sixty days shall render a statement, signed and sworn to by the insured, stating, *inter alia,* the interest of the in-

sured in the property, the cash value of each item thereof, the amount of the loss and all encumbrances thereon.

The fifth, sixth and twelfth pleas seem based upon this provision.

Again, the policy provides that it shall be void if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee-simple. Upon this clause the thirteenth and fourteenth pleas are framed.

Again, the policy provides that after an ascertainment of the loss of rents on buildings rendered untenantable by the fire, and in case the insured elects not to rebuild, if the insured and the company disagree as to the amount of the loss, the insured and the company shall select appraisers, &c. The seventeenth plea is grounded upon this provision of the policy.

The fifteenth plea is a combination plea setting up practically all the grounds stated in all the preceding pleas. In all these pleas the avoidance of the policy is claimed to flow from the act of the insured in doing something forbidden by the contract, or his failure to do something required by the policy. Even the conditions set out in the thirteenth and fourteenth pleas, when broken, seem to be broken because the insured had a risk placed without a statement endorsed upon the policy providing for insurance, although the ownership was not solely in him. So, also, provision for the assessment of the amount of loss rested upon the action of the insured. He was to make a proof of loss, exhibit his books and choose an appraiser.

Now, the mortgagee clause on which the plaintiff rests his claim reads thus: "Loss or damage, if any, under this policy shall be payable to D. F. and James H. Reed as their mortgagee (or trustee) interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of

the property, nor by the occupation of the premises for purposes more hazardous than are permitted by the policy."

A glance at the language of this clause is only required to show what is the *status* of the mortgagee as to those provisions of the policy which avoid it for some act or neglect of the mortgagor or owner. The mortgagee is secure against any conduct of either the mortgagor or owner. The language of the clause is that, as to the interest of the mortgagee only in the policy, the insurance shall not be invalidated by any act or neglect of the mortgagor or owner. The language is so plain that it leaves no room for construction.

A remark may be made here respecting the provision in the policy, already mentioned, upon which the thirteenth and fourteenth pleas are based.

The proviso in the policy is that the policy shall be void if the interest of the insured shall be other than sole or unconditional ownership. The plea is that the interest of Ignats Fabrikant was not a sole and unconditional ownership.

Now, the policy was written in favor of Lewitt, who afterward sold the property to Fabrikant. The mortgage clause provides that the interest of the mortgagee shall not be invalidated by any change of title or ownership of the property. The change from Lewitt to Fabrikant did not invalidate the policy, and so it does not matter to the mortgagee what title Fabrikant held at the time of the fire. Again, the mortgagee clause, relieving him from all liability for any act or default of the mortgagor or owner, deprives pleas 3, 5, 6, 7, 8, 9, 12, 13, 14, 15 and 17 of all force, because, as already remarked, each plea seems to be based upon some act or default of the mortgagor or owner.

So long as the mortgagee clause is recognized as a valid agreement, this result seems unavoidable. That such agreements stand upon the same footing as other contracts has been the uniform sentiment of those courts which have had occasion to consider them. *Hare* v. *Headley,* 9 *Dick. Ch. Rep.* 545, and cases cited in the opinion of Vice Chancellor Emery; *Palmer Savings Bank* v. *Insurance Company of North America,* 166 *Mass.* 189; *Eddy* v. *London Assurance Corporation,*

143 *N. Y.* 311, 656; *Attleborough Savings Bank* v. *Security Insurance Co.,* 168 *Mass.* 147.

The fourth plea stands upon a peculiar footing. It sets up that the ascertainment and estimation of the amount of loss to the property insured in the manner provided in the policy is a condition precedent to any liability on the part of the defendant. It then sets up that the loss has never been ascertained in the manner provided in the policy.

The policy, after providing that the insured shall give a notice to the defendant of the occurrence of the loss, and further providing that he shall furnish an inventory within sixty days after the fire, and shall further furnish other prescribed statements, as well as a certificate of a magistrate that the amount of the stated loss was honestly sustained, and further, that he will exhibit remnants of property and submit himself to examination under oath, further provides, in substance, as follows: "In the event of a disagreement as to the amount of loss, the same shall (as before provided) be ascertained by two competent and disinterested appraisers, the insured and the company each selecting one, and these two shall elect a third appraiser. The award of the two of them shall determine the amount of the loss. The loss shall not become payable until sixty days after the notice of ascertainment estimate and satisfactory proof of loss, including an award by the appraisers, when appraisal has been required."

Whether this language requires that under certain conditions an award shall be a condition precedent to an action need not be discussed. *Wood F. Ins.,* § 431. Whether the mortgagee would be bound by an award need not be considered. *Clem. F. Ins.* 38 (as a valid contract); *Hartford Fire Insurance Co.* v. *Olcott,* 97 *Ill.* 439; *Scottish Union and National Insurance Co.* v. *Field, Trustee,* 18 *Col. App.* 68.

If it be assumed that in certain circumstances an award will be a condition precedent to a right of action by a mortgagee, those circumstances should be pleaded. The efficacy of this clause to postpone a right of action depends upon whether an appraisal has, in the language of the policy, been required; and again, whether there has been a disagreement

between the insured and the company as to the amount of loss; and again, as I think, whether the appraisement had been defeated by an act or default of the insured.

The plea is entirely destitute of any statement of the existence of these conditions, and is therefore vicious.

There still remains for consideration the tenth and eleventh pleas. The tenth plea is grounded upon the following clause in the policy, namely, "This company shall not be liable for loss caused, directly or indirectly, by any civil authority." This plea sets up that the loss was caused by an order of a civil authority of the city of Hoboken, to wit, an order of the building inspector of the city of Hoboken directing the destruction and tearing down of said property, to wit, said building, and was not caused by fire.

This plea is defective in substance, as there is nothing to show that the building inspector had authority to direct the destruction of these buildings, or in what manner such authority was conferred upon him.

The eleventh plea is based upon the following language in the policy: "This company shall not be liable if loss is occasioned by an ordinance or law regulating the construction or repair of buildings." The plea sets out that the loss was caused by an ordinance or law of the city of Hoboken regulating the construction or repair of buildings, and that said property, to wit, said buildings, were destroyed and torn down by order of the building inspector of the city of Hoboken, acting under the authority of the ordinance passed and adopted by the mayor and common council of the city of Hoboken, entitled "An act to regulate the erection of buildings and define the duties of the inspector of buildings." The authority set out is stated to be derived from an ordinance which is pleaded by reference to its title. This plea is substantially defective. An ordinance must be pleaded in the same manner as a private statute or a statute of another state, except in a proceeding in a municipal court of the same city, or unless some statute provides for pleading it by its title. The general rule is that so much of the language of the ordinance must be stated as will enable the court to judge whether

its provisions offer a ground for the action or the defence in support of which the authority of the ordinance is invoked. *Cincinnati Water Co.* v. *Cincinnati,* 4 *Ohio* 443; *Harker* v. *New York,* 17 *Wend.* 199; *Lewiston* v. *Fairfield,* 47 *Me.* 481; *Green* v. *Indianapolis,* 22 *Ind.* 192; *People* v. *New York,* 7 *How. Pr.* 81; *McQuillen Mun. Ord.,* § 371 *et seq.*

The validity of these two pleas are decided upon the points presented by the demurrant, and no opinion is impliedly expressed as to their soundness in this action had the facts intended to be pleaded been well pleaded.

There should be a judgment for the demurrant as to each of the pleas demurred.